CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ELOY XOCHITEMOL, *individually and on*
*behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| NEW MULAN LLC (D/B/A NEW MULAN), WEI YU A/K/A WENDY YU, and QUN YAO, | **29 U.S.C. § 216(b)** |
| | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Eloy Xochitemol ("Plaintiff Xochitemol" or "Mr. Xochitemol"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against New Mulan LLC (d/b/a New Mulan), ("Defendant Corporation"), Wei Yu a/k/a Wendy Yu and  Qun Yao, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.    Plaintiff Xochitemol is a former employee of Defendants New Mulan LLC (d/b/a New Mulan), Wei Yu a/k/a Wendy Yu, and Qun Yao.

2.     Defendants own, operate, or control a seafood restaurant, located at 136-17 39th Ave, Queens, NY 11354 under the name "New Mulan."

3.      Upon information and belief, individual Defendants Wei Yu a/k/a Wendy Yu and Qun Yao, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Xochitemol was employed as a busboy and dishwasher at the restaurant located at 136-17 39th Ave, Queens, NY 11354.

5.      However, although busboys are normally classified as tipped employees, Plaintiff Xochitemol did not receive any tips for his work as a busboy.

6.      In addition, at all relevant times, Defendants compensated Plaintiff Xochitemol on a bi-weekly basis.

7.      Despite being a busboy and dishwasher, Defendants failed to properly pay Plaintiff his wages within seven days after the end of the week in which these wages were earned.

8.      In this regard, Defendants have failed to provide timely wages to Plaintiff Xochitemol.

9.      At all times relevant to this Complaint, Plaintiff Xochitemol worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

10.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Xochitemol appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

11.     Further, Defendants failed to pay Plaintiff Xochitemol the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

12.     Defendants' conduct extended beyond Plaintiff Xochitemol to all other similarly situated employees.

13.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Xochitemol and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14.    Plaintiff Xochitemol now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.    Plaintiff Xochitemol seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

16.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Xochitemol's state law claims under 28 U.S.C. § 1367(a).

17.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a seafood restaurant located in this district. Further, Plaintiff Xochitemol was employed by Defendants in this district.

## PARTIES

*Plaintiff*

18.     Plaintiff Eloy Xochitemol ("Plaintiff Xochitemol" or "Mr. Xochitemol") is an adult individual residing in Queens County, New York.

19.     Plaintiff Xochitemol was employed by Defendants at New Mulan from approximately June 1, 2017 until on or about March 2020 and from approximately May 15, 2020 until on or about March 24, 2021.

20.     Plaintiff Xochitemol consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

21.     At all relevant times, Defendants own, operate, or control a seafood restaurant, located at 136-17 39th Ave, Queens, NY 11354 under the name "New Mulan."

22.     Upon information and belief, New Mulan LLC (d/b/a New Mulan) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 136-17 39th Ave, Queens, NY 11354.

23.     Defendant Wei Yu a/k/a Wendy Yu is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Wei Yu a/k/a Wendy Yu is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Wei Yu a/k/a Wendy Yu possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including

Plaintiff Xochitemol, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.    Defendant Qun Yao is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Qun Yao is sued individually in his capacity as a manager of Defendant Corporation. Defendant Qun Yao possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Xochitemol, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.    Defendants operate a seafood restaurant located in in Flushing, Queens.

26.    Individual Defendants, Wei Yu a/k/a Wendy Yu and Qun Yao, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

27.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.    Each Defendant possessed substantial control over Plaintiff Xochitemol's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Xochitemol, and all similarly situated individuals, referred to herein.

29.    Defendants jointly employed Plaintiff Xochitemol (and all similarly situated employees) and are Plaintiff Xochitemol's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.    In the alternative, Defendants constitute a single employer of Plaintiff Xochitemol and/or similarly situated individuals.

31.    Upon information and belief, Individual Defendant Wei Yu a/k/a Wendy Yu operates Defendant Corporation as either an alter ego of herself and/or failed to operate Defendant Corporation as an entity legally separate and apart from herself, by among other things:

a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)    defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)    transferring assets and debts freely as between all Defendants,

d)    operating Defendant Corporation for her own benefit as the sole or majority shareholder,

e)    operating Defendant Corporation for her own benefit and maintaining control over this corporation as a closed Corporation,

f)    intermingling assets and debts of her own with Defendant Corporation,

g)    diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)    Other actions evincing a failure to adhere to the corporate form.

32.     At all relevant times, Defendants were Plaintiff Xochitemol's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Xochitemol, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Xochitemol's services.

33.     In each year from 2017 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

35.     Plaintiff Xochitemol is a former employee of Defendants who was employed as busboy and dishwasher.

36.     Plaintiff Xochitemol seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

37.     At all relevant times, over twenty-five percent of Plaintiff's duties were physical tasks, including but not limited to: (1) busboy work; (2) cleaning the restaurant; and (3) washing dishes.

38.     At all relevant times, despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Plaintiff Xochitemol has been compensated by Defendants on a bi-weekly basis

*Plaintiff Eloy Xochitemol*

39.    Plaintiff Xochitemol was employed by Defendants from approximately June 1, 2017 until on or about March 2020 and from approximately May 15, 2020 until on or about March 24, 2021.

40.    Defendants employed Plaintiff Xochitemol as a busboy and dishwasher.

41.    Plaintiff Xochitemol regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

42.    Plaintiff Xochitemol's work duties required neither discretion nor independent judgment.

43.    Throughout his employment with Defendants, Plaintiff Xochitemol regularly worked in excess of 40 hours per week.

44.    From approximately June 2017 until on or about March 2020, Plaintiff Xochitemol worked varying schedules as a busboy, 6 days per week. During this time period, his work hours ranged from approximately 44 to 52 hours per week.

45.    From approximately May 15, 2020 until on or about March 24, 2021, Plaintiff Xochitemol worked as a dishwasher from approximately 11:00 a.m. until on or about 6:00 pm, 7 days a week (typically 49 hours per week).

46.    Throughout his employment, Defendants paid Plaintiff Xochitemol his wages in cash.

47.    From approximately June 1, 2017 until on or about November 2019, Defendants paid Plaintiff Xochitemol a fixed salary of $1,000, every two weeks.

48.    From approximately November 2019 until on or about March 2020, Defendants paid Plaintiff Xochitemol a fixed salary of $1,100, every two weeks.

49.    From approximately May 15, 2020 until on or about March 24, 2021, Defendants paid Plaintiff Xochitemol a fixed salary of $1,400, every two weeks.

50.    Plaintiff Xochitemol's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

51.    For example, Defendants required Plaintiff Xochitemol to work an additional 30 minutes to 1 hour and a half past his scheduled departure time regularly, and did not pay him for the additional time he worked.

52.    Although Plaintiff Xochitemol was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Xochitemol was not compensated for all of the hours that he worked. For example, Plaintiff Xochitemol on Saturdays and Sundays he usually had to write an earlier departure time and stay working one or two hours longer.

53.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Xochitemol regarding overtime and wages under the FLSA and NYLL.

54.    Defendants did not provide Plaintiff Xochitemol an accurate statement of wages, as required by NYLL 195(3).

55.    Defendants did not give any notice to Plaintiff Xochitemol, in English and in Spanish (Plaintiff Xochitemol's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

56.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Xochitemol (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

57.     Plaintiff Xochitemol was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

58.     Defendants' pay practices resulted in Plaintiff Xochitemol not receiving payment for all his hours worked, and resulted in Plaintiff Xochitemol's effective rate of pay falling below the required minimum wage rate.

59.     Defendants habitually required Plaintiff Xochitemol to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

60.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Xochitemol worked.

61.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

62.     Plaintiff Xochitemol did not receive any tips for his work as a busboy.

63.     Defendants paid Plaintiff Xochitemol his wages in cash.

64.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

65.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Xochitemol (and similarly situated individuals) worked, and to avoid paying Plaintiff Xochitemol properly for his full hours worked.

66.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

67.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Xochitemol and other similarly situated former workers.

68.     Defendants failed to provide Plaintiff Xochitemol and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

69.     Defendants failed to provide Plaintiff Xochitemol and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

70.     Plaintiff Xochitemol brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

71.     At all relevant times, Plaintiff Xochitemol and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

72.     The claims of Plaintiff Xochitemol stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### (VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE NEW YORK LABOR LAW)

73.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

74.     The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff.

75.     Defendants failed to pay Plaintiff on a timely basis as required by NYLL § 191(l)(a).

76.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants: (1) the amount of his untimely paid wages as liquidated damages; (2) reasonable attorneys' fees and costs; and (3) pre-judgment and post-judgment interest as provided for by NYLL § 198.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

77.     Plaintiff Xochitemol repeats and realleges all paragraphs above as though fully set forth herein.

78.     At all times relevant to this action, Defendants were Plaintiff Xochitemol's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Xochitemol (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

79.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

80.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

81.     Defendants failed to pay Plaintiff Xochitemol (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

82.     Defendants' failure to pay Plaintiff Xochitemol (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

83.     Plaintiff Xochitemol (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

84.     Plaintiff Xochitemol repeats and realleges all paragraphs above as though fully set forth herein.

85.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Xochitemol (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

86.     Defendants' failure to pay Plaintiff Xochitemol (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

87.     Plaintiff Xochitemol (and the FLSA Class members)were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

88.      Plaintiff Xochitemol repeats and realleges all paragraphs above as though fully set forth herein.

89.     At all times relevant to this action, Defendants were Plaintiff Xochitemol's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Xochitemol, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

90.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Xochitemol less than the minimum wage.

91.    Defendants' failure to pay Plaintiff Xochitemol the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

92.    Plaintiff Xochitemol was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

93.     Plaintiff Xochitemol repeats and realleges all paragraphs above as though fully set forth herein.

94.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Xochitemol  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

95.    Defendants' failure to pay Plaintiff Xochitemol overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

96.    Plaintiff Xochitemol was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

97.     Plaintiff Xochitemol repeats and realleges all paragraphs above as though fully set forth herein.

98.    Defendants failed to pay Plaintiff Xochitemol one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Xochitemol's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

99.    Defendants' failure to pay Plaintiff Xochitemol an additional hour's pay for each day Plaintiff Xochitemol's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

100.    Plaintiff Xochitemol was damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

101.    Plaintiff Xochitemol repeats and realleges all paragraphs above as though fully set forth herein.

102.    Defendants failed to provide Plaintiff Xochitemol with a written notice, in English and in Spanish (Plaintiff Xochitemol's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

103.    Defendants are liable to Plaintiff Xochitemol in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

104.    Plaintiff Xochitemol repeats and realleges all paragraphs above as though fully set forth herein.

105.    With each payment of wages, Defendants failed to provide Plaintiff Xochitemol with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

106.    Defendants are liable to Plaintiff Xochitemol in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Xochitemol respectfully requests that this Court enter judgment against Defendants by:

(a)    Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest pursuant to NYLL $\S\S$ 191(l)(a), 198;

(b)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(c)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Xochitemol and the FLSA Class members;

(d)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Xochitemol and the FLSA Class members;

(e)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Xochitemol's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(f)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Xochitemol and the FLSA Class members;

(g)     Awarding Plaintiff Xochitemol and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(h)     Awarding Plaintiff Xochitemol and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(i)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Xochitemol;

(j)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Xochitemol;

(k)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Xochitemol;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Xochitemol's compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Xochitemol;

(n)     Awarding Plaintiff Xochitemol damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiff Xochitemol damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Xochitemol liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Xochitemol and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Xochitemol and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Xochitemol demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

April 4, 2022

CSM LEGAL, P.C

By:    _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

February 11, 2022

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Eloy Xochitemol

Legal Representative / Abogado:    CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                     11 de febrero 2022