UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
ELOY XOCHITEMOL, individually and on behalf of others similarly situated,

                          Plaintiffs,

       - against -

NEW MULAN LLC (D/B/A NEW MULAN), and WEI YU A/K/A WENDY YU, and QUN YAO,

                        Defendants.
----------------------------------------------------------- X

**ORDER**

22-cv-1899 (BMC)

**COGAN**, District Judge.

In this case under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the New York Labor Law, the Clerk of Court has entered defendant's default and plaintiff has moved for a default judgment. The motion is granted to the extent set forth below.

According to the complaint, the allegations of which are deemed true because of defendants' default, and plaintiff's supporting affidavit, plaintiff worked as a busboy and dishwasher at a restaurant run by defendant New Mulan LLC from June 1, 2017 until approximately March 24, 2021. The individual defendants are owners or managers of the restaurant, responsible for setting plaintiff's wages and paying him. Plaintiff was employed on a salary basis at $500 per week from his start date until about November 2019, and then at $550 per week for the remainder of his employment. He was not paid weekly, however; he was paid every two weeks. He was always paid in cash.

Between his start date and March 2020, he worked six days per week and his schedule varied between 44 and 52 hours per week. His shift started between 10:00 a.m. and 11:30 a.m., and he would work until 3:00 p.m. or 3:30 p.m. He then had a break and returned to work from 6:00 p.m. until sometime between 9:30 p.m. to 11:30 p.m. From about May 15, 2020 until about March 24, 2021, he worked from approximately 11:00 a.m. until about 6:00 p.m., seven days per week.

Plaintiff claims damages of back pay, computed at the minimum wage under New York law, which varied during plaintiff's employment; overtime for hours worked over 40 hours per week at 1 1/2 times the minimum wage; liquidated damages; a spread-of-hours premium; penalties for the failure to provide an annual wage statement and or wage notices; and attorneys' fees and costs. Plaintiff has submitted a chart showing calculation of the amounts owed that adequately documents the amount that plaintiff claims. That calculation shows that plaintiff is entitled to $41,173.25 in back wages and spread-of-hours premium, plus a like amount in liquidated damages.

However, plaintiff's claims for $5000 under NYLL § 195(1) for failure to provide annual wage notices, and another $5000 under NYLL § 195(3) for failure to provide wage statements, are disallowed. Plaintiff has failed to show that he suffered a non-speculative, concrete injury arising from the violation of these statutes. He therefore lacks standing to pursue relief under Article III of the Constitution. See TransUnion LLC v. Ramirez, __ U.S. __, 131 S. Ct. 2190 (2021); Spokeo v. Robins, 578 U.S. 330 (2016).

Finally, plaintiff seeks an award of attorneys' fees in the amount of $3,282.25 and another $602 in costs. The Court has reviewed the time charts of plaintiff's attorneys and finds that the amount of time spent and the hourly rates charged are reasonable, as are the costs.

Accordingly, plaintiff's motion for a default judgment is granted. The Clerk is directed to enter judgment in favor of plaintiffs and against defendants, jointly and severally, in the amount of $82,346.50, plus attorneys' fees and costs in the amount of $3884.25, for a total of $86,230.75. The Clerk of Court is directed to enter judgment accordingly.[1]

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
    July 11, 2022

---

[1] The Court declines plaintiff's request for a direction that the judgment provide that it will increase by 15% if unpaid in 90 days pursuant to NYLL § 198(4). See Chen v. Asian Terrance Restaurant, Inc., __ F. Supp. 3d __, 2022 WL 1460272 (E.D.N.Y. May 5, 2022).